Ronald S. Katz (SBN 35996)
    *rsk@katzshapirolaw.com*
Leona Shapiro (SBN 146851)
    *lshapiro@katzshapirolaw.com*
Katz & Shapiro, A Law Corporation
433 N. Camden Dr. Ste. 400
Beverly Hills, CA 90210
Telephone: (310) 285-1584
Facsimile:  (310) 285-1587

-and-

Blake J. Lindemann (SBN 255747)
    *blake@lawbl.com*
Attorney-At-Law
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267

Counsel to Interested Party
*Harry A. Klein, as Trustee of The Amended And Restated*
*Shayman Living Trust*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br><br>THOMAS SHAYMAN, an Individual,<br><br><br><br>Debtor.<br><br>KAVITA GUPTA, Chapter 11 Trustee,<br>                    Plaintiff,<br>v.<br><br>THOMAS SHAYMAN, an individual; HENRY KLEIN, as trustee of the trust established for benefit of Thomas Shayman under the terms of the Shayman Living Trust,<br>                    Defendants. | **Case No. 2:12-bk-33548-BB**<br><br>**Chapter 11 Proceeding**<br><br>**Adversary Case No. 2:14-ap-01025-BB**<br><br>**NOTICE OF MOTION AND MOTION BY HARRY A. KLEIN AS TRUSTEE OF THE AMENDED AND RESTATED SHAYMAN LIVING TRUST FOR ABSTENTION; DECLARATION OF HARRY A. KLEIN**<br><br><br>Hearing<br><br>Date:  March 4, 2014<br>Time: 2:00 p.m.<br>Place: "1475"<br>Judge: Hon. Sheri Bluebond |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Interested Party Harry A. Klein, as Trustee ("<u>Trustee</u>" or "<u>Movant</u>")[1] of the Amended and Restated Shayman Living Trust dated 1973 (the "<u>Trust</u>"), hereby submits his motion ("<u>Motion</u>") for an order granting abstention of the above-captioned adversary case.

**PLEASE TAKE FURTHER NOTICE** that on March 4, 2014 at 2:00 p.m. in courtroom "1475" located at 255 E. Temple Street, Los Angeles, CA 90012, Movant in the above captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

**Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Dated: February 7, 2014                          By:/s/ Ronald S. Katz

                                                   Ronald S. Katz (SBN 35996)
                                                     *rsk@katzshapirolaw.com*
                                                Leona Shapiro (SBN 146851)
                                                 *lshapiro@katzshapirolaw.com*
                                               Katz & Shapiro, A Law Corporation

---

[1] . By filing this Motion, the Trustee is appearing specially and is not consenting to this Court's jurisdiction over claims or causes of action asserted against him or the Trust, nor does the Trustee or Trust submit to this Court's general jurisdiction in any manner.

-and-

By: _____

Blake J. Lindemann (SBN 255747)

Counsel to Interested Party
*Harry A. Klein, as Trustee of The Amended And
Restated Shayman Living Trust*

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ...................................................................................... 2

III. THE COURT SHOULD ABSTAIN FROM HEARING ANY MATTER IN THE
ADVERSARY PROCEEDING RELATED TO THE TRUST ........................................ 4

IV. CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Cenker v. Cenker*, 660 F. Supp. 793, 795–96 (E.D. Mich.1987) ......................................................... 6

*In Re Canton*, 08-61683-11, slip op. at 2 (Bankr. D. Mont. Mar. 17, 2009) ...................................... 4

*In re Enron,* 296 B.R. 505, 509 (C.D. Cal. 2003) ............................................................................ 5

*In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (S.D. Tex. 1987) .................................. 5

*In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166-67 (9th Cir. 1990) ..................................... 5

*Marcia  Meoli v. Karen S. Thrun*, 13-ap-80072 (Bank. W.D. Mich. June 26, 2013) .......................... 7

*Patterson v. Shumate*, 112 S. Ct. 2242 (1992) ...................................................................... 6

*Security Farms v. Int'l Brotherhood,* 124 F.3d 999, 1009 (9th Cir. 1997) ........................................ 4

*See In re Moses*, 167 F.3d 470 (9th Cir. 1999) ................................................................... 6


**Statutes**

11 U.S.C. § 541(a) .................................................................................................................. 6

11 U.S.C. § 541(c)(2) .............................................................................................................. 6

28 U.S.C. § 1334(c)(1) ............................................................................................................. 4

28 U.S.C. § 1334(e) ................................................................................................................. 6

California Probate Code § 16202 ............................................................................................. 2

Probate Code § 16404 .............................................................................................................. 2

# I.

## INTRODUCTION[2]

Interested Party Harry A. Klein, as Trustee ("Trustee")[3] of the Amended and Restated Shayman Living Trust dated 1973 (the "Trust"), seeks an order granting abstention of the adversary case.

The bankruptcy trustee, Kavita Gupta ("Trustee In Bankruptcy") has filed a complaint misnaming and improperly joining the Trustee, styled *Gupta v. Henry Klein*, 2:14-ap-01025-BB, and seeking determination that the spendthrift provisions of the Trust are invalid. The unverified complaint is long on speculation and innuendo, but short on factual substance to state a claim plausible on its face. The unverified complaint is a desperate attempt to avoid the presumption that in the 9th Circuit, a valid spendthrift trust is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c). *In re Moses*, 167 F.3d 470 (9th Cir. 1999).

As set forth more fully herein, the right to designate a trustee in an irrevocable trust does not render the spendthrift provision of the Trust invalid, the Debtor was never trustee of the Trust, the general power of appointment in the Trust does not permit the Debtor to designate himself as trustee, and the Trustee who currently serves, or those trustees who were previously designated, exercised independent and rational business judgment related to the governance and administration of the Trust. For this reason, the Trust's *res* is not property of the estate, and the Motion should be granted to permit the Trustee to exercise the spendthrift provision in probate Court.

28 U.S.C. Section 1334 permits abstention in appropriate circumstances. Bankruptcy Courts have granted abstention to determine issues related to irrevocable trusts, even after finding the probate exception did not apply to the dispute. Based on the facts here, the Court should abstain from hearing the adversary proceeding.

For these reasons, and all those set forth more fully herein, the Motion should be granted.

---

[2] . This Motion is substantially similar to the Motion to Modify the Automatic Stay and Request for Abstention filed in the main bankruptcy case.

[3] . By filing this Motion, the Trustee is appearing specially and is not consenting to this Court's jurisdiction over claims or causes of action asserted against him or the Trust, nor does the Trustee or Trust submit to this Court's general jurisdiction in any manner.

## II.

## FACTUAL BACKGROUND

### A.  Background Of The Trust

The Amended and Restated Shayman Living Trust ("Trust") was established in 1973 by Debtor's parents, John W. Shayman ("John") and Jo Ann K. Shayman ("Jo Ann") who were the sole Trustees pursuant to Article IV.A of the Trust.  A true and correct copy of the Trust is appended to the Declaration of Harry A. Klein ("Klein Decl.") as Exhibit "A".[4]   On May 30, 2001, John died and the Trust was divided into the marital trust, the exemption trust, and the survivor trust.  Jo Anne died on February 27, 2009.  Upon  Jo Anne's passing, pursuant to the Trust, the marital trust and the survivor's trust were merged into the Exemption Trust, and by operation of the Trust documents, the Exemption Trust was divided into two separate sub-trusts, the Thomas J. Shaymen GST Exempt Trust ("Generation Skipping Trust") and the Kathryn Shayman Chee GST Exempt Trust.   The purpose of the Generation Skipping Trusts is to avoid estate taxes upon the death of the children.

Debtor and Kathryn have the right to designate a Trustee, but only to replace any acting or designated trustee.  Trust, Art IV(B).  The Trust does not permit the beneficiaries to designate themselves as trustees.   Article VIII(3)(c) provides a further restriction in stating:  "In no event shall the child [the Debtor] have the right or power to exercise such power of appointment in favor of the child, the child's estate, the child's creditors or the creditors of the child's estate."  The right to designate a Trustee applies only to the Generation Skipping Trusts and the restrictions applicable to Art VIII(3)(c) also refers to the right to designate a successor trustee to act as trustee of the GST.

It must also be mentioned that irrespective of whether the debtor has the authority to replace this petitioner, as acting trustee of the trust, he is still subject to acting in a fiduciary capacity. The exercise of a power of a trustee is subject to the trustee's fiduciary duties.  California Probate Code § 16202. Furthermore, Probate Code § 16404 provides that a trustee has a duty not to use or deal with

---

[4] .  Due to its length, the Trust will be served via email and CM/ECF only, and as part of the Judge's Copy. It will not be served with the Motion via first-class mail. However, upon receiving a written request by a party in interest, the Trustee's counsel will make a copy of the Trust available.

the trust property for the trustee's own profit or for any other purpose unconnected with the trust. In the instant matter, the Debtor has never tried to exercise control over the trustee.

The spendthrift clause of the Trust, found at Article X, is clear that the trustee shall not have any powers or authority that will cause the spendthrift provision to lose its status. Specifically, "the Trustee shall not have any powers or authority that will cause the foregoing spendthrift provision to lose its status as such within the meaning of sections 15300, *et. seq.* of the California Probate Code and section 542(c)(2) of the U.S. Bankruptcy Act." Trust, Art. X, p. 22.

The attempts of the Trustee In Bankruptcy to seek control and administration of assets of the Trust has triggered the spendthrift clause of the Trust, and any effort by the Bankruptcy Court or the creditors of the Debtor to gain control over the Trust is prohibited. The plain language of the Trust indicates that any effort of the Debtor to place himself as acting trustee of the Trust, and file for protection of the Bankruptcy Court as a debtor is prohibited by the Trust.

On or about March of 2009, Fiduciary Trust International ("FTI") was designated as the Trustee of the Trust. On or about November of 2010, Jim Erickson ("Mr. Erickson") was designated as the successor Trustee of the Trust. On or about, June 1, 2012, Harry M. Klein, CPA was designated as the successor Trustee of the Trust to Mr. Erickson. At no point from 1973 to today was the Debtor a trustee under the Trust. The Debtor has never exerted influence over the Trustee, and the Trustee has made each decision related to the administration and governance of the Trust based on his independent and rational business judgment.

**B. Background Of The Bankruptcy Case And Adversary Proceeding**

On July 9, 2012, Debtor Thomas Shayman ("Debtor") commenced his voluntary petition (the "Bankruptcy Case") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On November 21, 2013, Kavita Gupta ("Trustee In Bankruptcy") was appointed as trustee of the Bankruptcy Estate.

On January 10, 2014, the Trustee In Bankruptcy filed an unverified complaint ("Complaint") for Declaratory Relief; Denial of Discharge; Turnover of Estate Assets; Injunctive Relief; And Authorization To Record Lis Pendens, styled *Kavita Gupta v. Thomas Shayman*, *et al.*, Case No.

2:14-ap-01025-BB.  The Complaint improperly requests a smorgasbord of relief against the Trustee (who is misnamed), coupled with a request to deny the Debtor his discharge.

The Complaint alleges that "the spendthrift provisions of the Trust are either ineffective, or have been rendered void by the Debtor's exercise of control over the GS Trust" and that "the property in the GS Trust constitutes property of the estate."  Complaint, 7:3-7.  The primary allegation related to this cause of action is paragraph 35 of the Complaint, whereby the Trustee In Bankruptcy alleges that Debtor was trustee "for a period of time."  Complaint, 5:18-22.

However, an evaluation of the undisputed facts reflects to the contrary.   The *Debtor* was never the Trustee of the Trust.  As stated above, at the time of bifurcation of Tom and Kathryn Shayman's interest in two separate trusts, Fiduciary Trust International ("FTI") served as the Trustee of the Trust.  On or about November of 2010, those duties were transferred by FTI to Jim Erickson ("Mr. Erickson").  On or about, June 1, 2012, Mr. Erickson's duties were transferred to the Trustee.

Second, the Trustee In Bankruptcy alleges Debtor exercised control over the Trust, rendering the spendthrift provision invalid based on alleged distributions of $500,000.00 and $50,000.00.  Complaint, 6:1-4.  However, the alleged distribution were in fact all loans made by the Trust to Opus Platinum, Inc. authorized *by the Trustee* through his rational and independent business judgment, and the Trustee In Bankruptcy makes no specific allegation as to how the Debtor came to authorize these transfers.  Klein Decl.   In short the allegations are insufficient to survive a Motion under Federal Rule of Civil Procedure 12(b)(6).  The factual recitation herein supports the Court entering an order modifying the stay and or abstaining from hearing the matter.

III.

**THE COURT SHOULD ABSTAIN FROM HEARING ANY MATTER IN THE
ADVERSARY PROCEEDING RELATED TO THE TRUST**

"[A]bstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance." *In re Canton,* Bkrtcy. No. 08-61683-11, slip op. at 2 (Bankr. D. Mont. Mar. 17, 2009) (*citing In re S. G. Phillips Constructors,*

Inc., 45 F.3d 702, 708 (2nd Cir. 1995)).  The court *may* grant permissive abstention in both core and non-core proceedings, while the court must grant mandatory abstention in certain actions "related to" a bankruptcy case. *Security Farms v. Int'l Brotherhood,* 124 F.3d 999, 1009 (9th Cir. 1997).

28 U.S.C. § 1334(c)(1) provides that "nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether discretionary abstention is appropriate, the Ninth Circuit has developed a twelve-factor test:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficulty or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other non bankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
> (7) the substance rather than form of an asserted "core" proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
> (9) the burden of [the bankruptcy court's] docket,
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of non debtor parties

*In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166-67 (9th Cir. 1990) (*citing In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (S.D. Tex. 1987)).

In connection with this multi-factor test, the overriding principle is that "[w]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." *In re Enron,* 296 B.R. 505, 509 (C.D. Cal. 2003).

Here, too, the factors favoring abstention clearly outweigh any factors against it.

**Factor 2:** Unmistakably, state law issues predominate over bankruptcy issues here.  Issues related to the administration and governance of the Trust, including adjudication of the spendthrift provision, are state law issues.  Under this circumstance, as under *In re Enron*, abstention is "particularly compelling."

**Factor 5:** No other basis for federal jurisdiction exists beyond 28 U.S.C. § 1334.

**Factor 8:** Not only is it feasible to sever state law issues, allow judgment to be entered in state court, and then provide for liquidation by the bankruptcy court, but this is all the Trust proposes.  If the various matters regarding the Trust are heard in State Court and Bankruptcy Court, there is a risk of inconsistent rulings, and judicial economy will not be promoted.

**Factor 9:** Adjudicating the parties' dispute in state court lessens the burden on the federal docket.

**Factor 11:** The Trust would have a right to a jury trial.

**Factor 12:** Non-debtor parties are present. Indeed, they predominate.  There is the current Trustee, and previously designated trustees.

The Court should also abstain because property of the Trust, nor the Trust, is property of the Bankruptcy estate.[5]

It should also be noted that a Federal Court may abstain from exercising jurisdiction over claims even if the probate exception does not apply.  *Cenker v. Cenker*, 660 F. Supp. 793, 795–96 (E.D. Mich.1987).  This is especially true in bankruptcy courts where the jurisdictional statute expressly contemplates collisions with state law, and authorizes the federal court to cede authority, including its otherwise exclusive *in rem* jurisdiction. *Compare* 28 U.S.C. § 1334(e) (bestowing "exclusive" jurisdiction over property of the estate) with § 1334(c) ("nothing in this section," including the grant of exclusive *in rem* jurisdiction, precludes abstention).

---

[5] . A bankruptcy estate consists of "all legal interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a).  The Bankruptcy Code, however, excludes from property the estate "any interest in a plan or trust that contains a transfer restriction enforceable under relevant non-bankruptcy law."  11 U.S.C. § 541(c)(2); *see also*, *Patterson v. Shumate*, 112 S. Ct. 2242 (1992).  More specifically, Bankruptcy Code § 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in" a bankruptcy case.  There is a strong congressional intent underlying the Bankruptcy Code to protect spendthrift trusts and to exclude assets in such trusts from a bankruptcy estate.  The Ninth Circuit Court of Appeals has held that a valid spendthrift trust created under state law is <u>excluded</u> from a bankruptcy estate pursuant to § 541(c).  *See In re Moses*, 167 F.3d 470 (9th Cir. 1999).

In interest of comity with Courts of the State of California, and respect for the law of the State of California concerning probate litigation, the Trust respectfully seeks permissive abstention to allow claims related to the Trust to be adjudicated in California Probate Court.

Other Bankruptcy Courts have abstained to allow a probate court to decide issues pertaining to trusts and trust law, even where property is found to be property of the estate and the probate exception does not apply. *Marcia Meoli v. Karen S. Thrun*, 13-ap-80072 (Bank. W.D. Mich. June 26, 2013) (Ordering abstention on issues of interpreting a trust and finding that ".... Abstaining will eliminate jurisdictional wrangling over the bankruptcy court's authority to enter final judgment, because the state courts' authority over trust matters is unassailable.").  Even in the *Meoli* case, where the Court determined the trust was property of the estate because the spendthrift provision there terminated upon the Debtor reaching 30 under the four corners of the document, the Court ruled it was appropriate to abstain because issues related to an irrevocable trust call for the "special expertise of" and lie within the "historical province" of the probate Court.

The Court should abstain here based on the special expertise of the California probate Court and because the state court's authority over the Trust is unassailable.

## IV.

## CONCLUSION

WHEREFORE, the Trustee requests that the Motion be granted and for any further relief the Court deems just and appropriate.

Respectfully Submitted,

Dated: February 7, 2014

By:/s/ Ronald S. Katz
_____

Ronald S. Katz (SBN 35996)
*rsk@katzshapirolaw.com*
Leona Shapiro (SBN 146851)
*lshapiro@katzshapirolaw.com*

-and-

By: _____

Blake J. Lindemann (SBN 255747)

Counsel to Interested Party
*Harry A. Klein, as Trustee of The Amended And
Restated Shayman Living Trust*

### <u>DECLARATION OF HARRY A. KLEIN</u>

I, Harry A. Klein, declare and state as follows:

1.      I am the duly designated trustee of the Amended and Restated Shayman Living Trust ("Trust").  I present this declaration in support of the Trust's Motion To Modify The Automatic Stay in the Bankruptcy Case and/or to confirm no automatic stay is in affect and the Motion for abstention filed in the adversary Case (collectively, the "Motions").  I know the following facts to be true of my own personal knowledge, or from a review of the Trust's business records, and, if called as a witness, I could and would competently testify with respect thereto.   The Trust does not consent to the Bankruptcy Court's jurisdiction over any matter, and the filing of the Motion to modify the stay and request for abstention by the Trust is precautionary, and out of abundance of caution.  All terms defined in the Motions are used herein with the same meaning.

2.      The Trust was established in 1973 by Debtor's parents, John W. Shayman and Jo Ann K. Shayman.  A true and correct copy of the Trust is appended hereto as Exhibit "A".   On May 30, 2001, John died and the Trust was divided into the marital trust, the exemption trust, and the survivor trust.  Jo Anne died on February 27, 2009.  Upon  Jo Anne's passing, pursuant to the Trust, the marital trust and the survivor's trust were merged into the Exemption Trust, and by operation of the Trust documents, the Exemption Trust was divided into two separate sub-trusts, the Thomas J. Shaymen GST Exempt Trust ("Generation Skipping Trust") and the Kathryn Shayman Chee GST Exempt Trust.

3.      On or about March of 2009, Fiduciary Trust International ("FTI") was designated as the Trustee of the Trust.  On or about November of 2010, Jim Erickson ("Mr. Erickson") was designated as the successor Trustee of the Trust.  On or about, June 1, 2012, I was designated as the successor Trustee of the Trust to Mr. Erickson.   At no point from 1973 to today was the Debtor designated as a trustee under the Trust.  The Debtor has never exerted influence over me, and I have made each decision related to the Trustee based on my independent business judgment.

4.      The Motion to modify the stay and/or request to abstain should be granted so that I can carry out my duties under the Trust and seek a determination as to the spendthrift provision in probate Court.   In addition, other issues related to the Trust will have to be dealt with, including any

issued related to breach of trust, accounting of the income and expense of the trust, receiving instruction from the probate court on a variety of matters, and other matters related to the administration of the trust.   The probate Court is a specialized Court that deals with issues of Trust frequently.  Judicial economy favors the probate court deciding all issues related to the Trust.  The resources of the parties would also be conserved by proceeding in State Court, as the Trust won't have to further engage bankruptcy counsel.

[*Balance of Page Left Blank – Signature Page To Follow*]

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed day of February 1, 2014 at Sherman Oaks, CA.

Harry A. Klein

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION BY HARRY A. KLEIN AS TRUSTEE OF THE AMENDED AND RESTATED SHAYMAN LIVING TRUST FOR ABSTENTION; DECLARATION OF HARRY A. KLEIN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 7, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On February 7, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 7, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012-3332
(courtesy copy – bin outside of Suite 1475)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2014 | Lana Meier | /s/ Lana Meier |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Vivian Bodey vivian.bodey@irscounsel.treas.gov
• Howard Camhi hcamhi@ecjlaw.com, kanthony@ecjlaw.com
• Todd S Garan ch11ecf@piteduncan.com
• Richard Girgado rgirgado@counsel.lacounty.gov
• Melanie Scott Green Melanie.green@usdoj.gov
• Kavita Gupta kgupta@guptaferrer.com
• Kavita Gupta (TR) kgupta@guptaferrer.com
• Michael J Jaurigue michael@jlglawyers.com,
mashi@jlglawyers.com;abigail@jlglawyers.com;elaine@jlglawyers.com;nam@jlglawyers.com
• Bernard J Kornberg bjk@severson.com
• Sean A Okeefe sokeefe@okeefelc.com
• Mark M Sharf mark@forbankruptcy.com, msharf00@gmail.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• Perry W Wade perry.w.wade@gt-cs.com
• Diane Weifenbach diane@attylsi.com
• Robert P Zahradka ecfcacb@piteduncan.com


2. **SERVED BY UNITED STATES MAIL**

**Sean A Okeefe**
Okeefe & Associates Law Corporation
660 Newport Center Drive , Suite 400
Newport Beach, CA 92660

**Thomas Shayman**
150 E. Olive, Suite #209
Burbank, CA 91502

**Howard Camhi**
9401 Wilshire Blvd 9th Fl
Beverly Hills, CA 90212

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of
California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**